IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MYLAN PHARMACEUTICALS INC.<br><br>and<br><br>MATRIX LABORATORIES LTD.<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES FOOD<br>AND DRUG ADMINISTRATION<br><br>          Defendant. | Case No. 1:11-cv-00566-RWR |

**PLAINTIFFS' REQUEST FOR AN EXPEDITED HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to LCvR 65.1(d), Plaintiffs Mylan Pharmaceuticals Inc. and Matrix Laboratories Ltd. ("Plaintiffs") request an expedited hearing on their pending Motion for a Preliminary Injunction ("Motion"), filed concurrently with this Request. As set forth in Plaintiffs' Memorandum in Support of Motion for a Preliminary Injunction,[1] the issue presented is Defendant United States Food and Drug Administration's ("FDA") arbitrary, capricious and unlawful failure to issue a decision whether to apply its Application

---

[1] Plaintiffs incorporate herein their Memorandum in Support of Motion for Preliminary Injunction, and the Declarations and Exhibits attached thereto, as the basis for this Request for an Expedited Hearing.

Integrity Policy ("AIP") against a generic drug application filed by a competitor of the Plaintiffs, Ranbaxy Laboratories Ltd ("Ranbaxy"). Ranbaxy is the sponsor of the first-to-file application for a generic version of LIPITOR® (atorvastatin calcium), one of the most widely prescribed prescription drugs in the United States. The first-to-file generic drug applicant typically would have a period of 180-day marketing exclusivity (where it faces no other generic competition) once it receives FDA approval. If the Ranbaxy application is subject to the AIP, and FDA determines to enforce the AIP against the Ranbaxy application, FDA must reject the application, and thereby Ranbaxy loses any 180-day marketing exclusivity. Upon such a determination by FDA, other generic manufacturers, including Plaintiffs, could be able to enter the market as early as June 28, 2011.

FDA has all of the information it needs to make a decision, but FDA has failed to act, despite repeated requests for it to do so. Because FDA has arbitrarily, capriciously and unlawfully failed to make a decision whether to apply the AIP to the first-to-file applicant and deny exclusivity, Plaintiffs and other generic manufacturers are left with uncertainty whether they could be able to commercially launch in a few short months. Therefore, because of this uncertainty, which is caused by FDA's failure to make a decision one way or the other on the issue of exclusivity, Plaintiffs and other generic manufacturers are unable to prepare for the commercial launch of their versions of generic atorvastatin products. Plaintiffs' and other generic manufacturers' ability to launch, and thus the opening of the LIPITOR® market to generic competition, will allow the American public and the federal payors to save millions of dollars a day by

purchasing the lower priced generic version of LIPITOR®, and generic manufacturers will reap financial and other benefits associated with being entrants to this valuable market.

For the foregoing reasons, and the reasons set forth in the Memorandum supporting the Preliminary Injunction Motion (and the Declarations and Exhibits submitted in support thereof), Plaintiffs respectfully request an expedited hearing on Plaintiffs' Motion for a Preliminary Injunction.

Dated: March 24, 2011					Respectfully submitted,

									MYLAN PHARMACEUTICALS INC. and
									MATRIX LABORATORIES LTD.


							By:	____/s/ Douglas B. Farquhar_____
									Douglas B. Farquhar (D.C. Bar No. 386573)
									Karla L. Palmer (D.C. Bar No. 444353)
									Kurt R. Karst (D.C. Bar No. 482615)
									Hyman, Phelps & McNamara, P.C.
									700 13th Street, N.W., Suite 1200
									Washington, D.C. 20005
									Phone:	(202) 737-5600
									Fax:	(202) 737-9329

									*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2011, I caused copies of the foregoing Plaintiffs' Request for an Expedited Hearing on Plaintiffs' Motion for a Preliminary Injunction and Order Granting Plaintiffs' Request for an Expedited Hearing to be filed electronically using the CM/ECF system, causing notice to be sent to the following parties:

Gerald C. Kell
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044

*Counsel for Defendant United States Food and Drug Administration*

        /s/ Karla L. Palmer

Karla L. Palmer
Hyman, Phelps & McNamara, P.C.
700 13th Street, N.W., Suite 1200
Washington, D.C.  20005
Phone:   (202) 737-5600
Fax:       (202) 737-9329

*Attorneys for Plaintiffs*